FILED
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
2002 OCT 18  A 11: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # _42166_
AMOUNT $ _150._
SUMMONS ISSUED _NO_
LOCAL RULE 4.1 _____
WAIVER FORM _____/_____
MCF ISSUED _____
BY DPTY. CLK _SPS_
DATE _10/18/02_

|  |  |
|---|---|
| SARNAFIL, INC.,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| ZURICH AMERICAN INSURANCE<br>COMPANY, SUNNEN PRODUCTS<br>COMPANY, and SUNQUAD LLP,<br>　　Defendants. | )<br>)<br>)<br>)<br>) |

Civil Action No. _____

# 02 - 12033 WGY

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant, Zurich American Insurance Company

("Zurich"), hereby removes this Civil Action pending in the Superior Court of the

Commonwealth of Massachusetts, Norfolk County, Civil Action No. 02-01075 (the "State Court

Action") to the United States District Court for the District of Massachusetts pursuant to 28

U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. §1332 on the following

grounds:

1.　　Defendant Zurich is named in the State Court Action, along with defendants

Sunnen Products ("Sunnen") and Sunquad LLP ("Sunquad").

2.　　The State Court Action was commenced on or about June 27, 2002 by the

Plaintiff, Sarnafil, Inc. ("Sarnafil"), filing a Complaint in Superior Court.  Sarnafil seeks a

declaration from the Court that Zurich is obligated to defend and indemnify Sarnafil in an

underlying action brought by Sunnen and Sunquad in the United States District Court for the

Eastern District of Missouri, Case No. 4:00CV00233 (the "underlying action").

DOCKETED



3.       On or about September 19, 2002, pursuant to M.G.L. c. 175, §154, service was made upon the Commonwealth of Massachusetts Commissioner of Insurance ("Commissioner"). On or about September 26, 2002, Zurich received a copy of the summons and Complaint from the Commissioner.  Accordingly, this Notice of Removal is timely filed and served within thirty (30) days of receipt by Zurich pursuant to 28 U.S.C. §1446(b).  *See Lilly v. CSX Transportation, Inc.*, 186 F. Supp. 2d 672, 673-74 (S.D.W.V. 2002) (stating although no U.S. Circuit Court of Appeals has addressed the question of when the thirty-day removal period incepts when service is effectuated upon a statutory agent, almost every district court that has considered the issue has held that the time to remove the action to federal court begins to run only when the defendant actually receives a copy of the complaint).

4.       Diversity jurisdiction exists in this civil matter pursuant to 28 U.S.C. §1332, which provides for original jurisdiction over all civil actions in the district court between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

5.       Plaintiff Sarnafil is a Massachusetts corporation with a principal place of business in Canton, Massachusetts.

6.       Defendant Zurich is an Illinois corporation with a principal place of business in Schaumburg, Illinois.

7.       Defendant Sunnen is a Delaware corporation with a principal place of business in St. Louis, Missouri.

8.       Defendant Sunquad is a Missouri registered limited liability partnership with a principal place of business in St. Louis, Missouri.

9.      The amount in controversy exceeds $75,000, exclusive of costs and interest, as Suunen's claims against Sarnafil in the underlying action are in excess of $2,000,000 and Sarnafil seeks indemnification from Zurich for this amount, along with defense costs.

10.     Pursuant to 28 U.S.C § 1446(d), Sarnafil, Sunnen, and Sunquad are being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court, Norfolk County.

12.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Zurich are attached hereto.  Pursuant to L.R. 81.1, Zurich will file, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Norfolk Superior Court and a certified or attested copy of all docket entries in the Norfolk Superior Court.

WHEREFORE, Zurich respectfully requests that this action be removed from the Superior Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts.

Respectfully submitted,
**ZURICH AMERICAN INSURANCE COMPANY,**
By its attorneys,

Stephen J. Abarbanel, BBO #010100
David L. Nersessian, BBO #629235
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Telephone:  617-557-5900

Dated: October 18, 2002

3

## CERTIFICATE OF SERVICE

I, David L. Nersessian, hereby certify that a true and accurate copy of the foregoing Notice of Removal was served, via first-class mail, postage prepaid, on this __1st__ day of October, 2002, upon:

Russell F. Conn, Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109

Sunquad, LLP
Legal Department
7910 Manchester Road
St. Louis, MO 63143

Sunnen Products Company
Legal Department
7910 Manchester Road
St. Louis, MO 63143

With a courtesy copy mailed to counsel of record for Sunnen Products Company and Sunquad, LLP in the underlying action:

Steven J. Badger, Esq.
Zelle, Hofmann, Voelbel & Gette LLP
1201 Main St., Ste. 3000
Dallas, TX 75202

David L. Nersessian